UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SEGUNDO PEDRO GUAMAN TENEMAZA,<br>    Plaintiff<br><br>v.<br><br>HORCH ROOFING, INC.<br>    Defendant | CIVIL ACTION NO. |

## **COMPLAINT WITH REQUEST FOR JURY TRIAL**

NOW COMES the plaintiff, by and through counsel and respectfully submits this Complaint against defendant Horch Roofing, Inc.

### I. INTRODUCTION

1. This is a personal injury case arising out of injuries suffered by plaintiff Segundo Pedro Guaman Tenemaza who, on or about October 28, 2020, while working on a roof controlled by the defendant fell approximately 24 feet to the ground below causing him to suffer serious and permanent injuries including a traumatic brain injury,

### II. JURISDICTION AND VENUE

2. This Court has diversity jurisdiction over this matter pursuant to 28 USC §1332(a) because the plaintiff resides in Massachusetts and the defendant is a resident of the State of Maine and the amount in controversy exceeds $75,000.00.

3. The incident at issue occurred in Waldo County, Maine, therefore, venue is proper in the Bangor District of this Court.

### III. PARTIES

4. The plaintiff, Segundo Pedro Guaman Tenemaza, ("the plaintiff") is an individual who resides at 22 Church Hill Street, Apt. 2, Milford, Worcester County, Massachusetts.

5. The defendant, Horch Roofing, Inc. ("Horch Roofing"), is a corporation organized under the laws of the State of Maine having a principal place of business located at 2414 Camden Road, Warren, Knox County, Maine.

## IV. ALLEGATIONS COMMON TO ALL COUNTS

6. On or about October 28, 2020 the plaintiff was employed as a carpenter for Ortega Home Improvement, Inc. ("Ortega Home Improvement") on a residential roofing project located at 25 Tomte Lane, Liberty, Waldo County, Maine ("the project").

7. At all relevant times, the plaintiff was in the exercise of all due care for his safety and the safety of others.

8. Horch Roofing was general contractor, project manager, and construction supervisor for the project, and was the entity that hired Ortega Home Improvement as a subcontractor on the project.

9. On or about October 28, 2020, Horch Roofing, as general contractor, project manager, and construction supervisor for the project, had a duty to ensure that Ortega Home Improvement's employees had a reasonably safe work place on the project, which included ensuring the use of reasonable safe practices and adequate safety equipment.

10. On or about October 28, 2020, the plaintiff was working on the roof of the project when he was caused to fall approximately twenty-four feet to the ground below.

11. As a result of the October 28, 2020 fall from the roof, the plaintiff suffered serious injuries, including a traumatic brain injury that required emergency surgery and months of hospitalization and rehabilitation, and which resulted in permanent disability.

## COUNT I
### Negligence Against Horch Roofing

12. The plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 8 and incorporates each as if fully set forth herein.

13. On or about October 28, 2020, Horch Roofing owed the plaintiff, and all individuals and subcontractors they hired to work on the project, a duty of reasonable care that included providing a reasonably safe workplace on the project which included ensuring the use of reasonable safety practices and adequate safety equipment including adequate fall protection.

14. On or about October 28, 2020, Horch Roofing breached its duty of care to the plaintiff, by failing to provide him with a safe workplace by causing or permitting dangerous conditions to exist on the project, including but not limited to a lack of adequate fall protection and a lack of adequate training and supervision.

15. As a direct and proximate result of the negligence of Horch Roofing, its agents or employees, the plaintiff was caused to sustain serious personal injuries including but not limited to: severe personal injuries of a disabling and permanent nature, severe and prolonged pain and suffering and loss of enjoyment of life, prolonged medical treatment past, present and future, lost wages and lost income and his ability to engage in normal activities, and that Plaintiff will continue to suffer from these injuries, damages and losses into the future.

16. <u>Jury Demand</u>: Plaintiff requests a trial by jury.

WHEREFORE, the plaintiff, Segundo Pedro Guaman Tenemaza, prays the Honorable Court:

A. Allow entry of Judgment for the Plaintiff on all claims including a determination of full and fair compensation;

B. Schedule this matter for a Trial by Jury; and

C. For all such other relief as may be deemed just.

Respectfully submitted,

The Plaintiff,
SEGUNDO PEDRO GUAMAN TENEMAZA,
By his Attorneys,

Dated: June 1, 2021

/s/ Francis X. Quinn, Jr.
Francis X. Quinn, Jr. (#6855)
Boynton Waldron Doleac Woodman & Scott, PA
82 Court Street
Portsmouth, NH 03801
603-436-4010
603-817-3287 (cell)
fquinn@nhlawfirm.com

SULLIVAN & SULLIVAN, LLP

/s/ Richard J. Sullivan
Richard J. Sullivan, BBO# 554085 (pro hac pending)
83 Walnut Street
Wellesley, MA  02481
Tel: (781) 263-9400
rsullivan@sullivanllp.com
tkelley@sullivanllp.com

Dated: June 1, 2021